## EASTMAN *v.* MORRISON.

If a blank writ has been filled up with the names of the parties and a declaration inserted or annexed so as to be a complete writ ready for service, the same blank cannot be used again for a writ in another suit between different parties.

IN this case the defendant moved seasonably at the March Term, 1864, when the action was entered, that the writ be quashed upon the alleged ground that the blank upon which the writ was made had been previously used in the commencement of an action in favor of John S. Bryant against Isaac B. Smith, and had therefore performed its office; and the defendant offered to show by evidence *aliunde* that the writ so filled up against the said Smith had been put into the hands of an officer for service, and had been served by the attachment of his property; but the court rejected the evidence and the defendant excepted. The defendant then moved that the officer be required to make a return upon the writ which is on file, of the service upon said Smith, but this motion was reserved for the consideration of the whole court.

The defendant then contended that it was apparent on the face of the writ that the blank had previously been filled up and used to commence a suit against the said Smith as aforesaid; and it did appear upon inspection that such a writ was made and completed against the said Smith upon the same blank, and afterwards altered, but it did not appear whether the writ so made against Smith was delivered to an officer for service.

*Bryant*, for the plaintiff.

*Westgate & Morse*, for the defendant.

PERLEY, C. .J.    It appeared, on inspection of the writ, that a writ had been made and completed on the same blank in the action *John S. Bryant* v. *Isaac B. Smith;* but it did not appear that it had been delivered out for service in that action.    After erasing what related to the action of *Bryant* v. *Smith*, the same blank was used to commence this suit.    When a writ has been filled up and completed with the names of the parties to the suit and a declaration inserted or annexed according to our practice, we think the blank writ has done its office and cannot be used again to commence another action.    This furnishes a plain and

simple rule which can be applied in all cases on a mere inspection of the writ. If we were to go beyond this and undertake to ascertain, by an issue to the jury or in any other method of trial, with what motive the writ was made, whether it was intended to be served, or whether it had been delivered out for service, we should enter upon inquiries very inconvenient to make and altogether unusual on an incidental question like this. The reasons for such a positive rule are clearly and forcibly stated in *Dearborn* v. *Twist*, 6 N. H. 44.

In our practice there would seem to be no objection to changing the date of a writ before service and making it returnable to a later term without applying to the clerk for a new seal or a new signature. In the English practice a writ stamped and sealed may be dated anew and made returnable to another return day, provided it is resealed. We can see no reason in such a case for requiring a new seal except to give the sealer of writs another fee. The sealer of writs is not in England any clerk of the courts, but a special officer, the hereditary sealer being the Duke of Grafton for the time being, who holds the office under a patent to his ancestor from Charles the Second, and executes it, of course, by deputy.

A practice like ours formerly prevailed in England of issuing blank writs sealed; but the practice, it is said, led to abuses, which occasioned the general order of 1747, since which blank writs are first filled out and the seal afterwards affixed by the sealer. *Featherstone* v. *Hunt*, 1 B. & C. 113; *Gibson* v. *Varley*, 7 Ellis & Blackburn, 49; 1 Tidd's Practice, 33 note (t.) This experience in England should warn us that our practice of issuing blank writs to attorneys needs to be guarded against abuse.

*The writ must be quashed.*